UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM E. BRADLEY,

  Plaintiff,

  v.

WAL-MART STORES, INC., a Delaware corporation,

  Defendant.

Case No. C07-5150FDB

ORDER GRANTING WAL-MART STORES, INC.'S MOTION FOR SUMMARY JUDGMENT

**INTRODUCTION**

On a day when it had been raining, Plaintiff Bradley walked into the Spanaway, Washington Wal-Mart store and across a carpeted area that spans the entire entryway all the way to the first store aisle. (Bradley dep.)  Bradley then turned left and walked about 15 feet down the aisle toward the pharmacy, and he alleges that he next slipped and fell on a wet spot. *Id.*  Bradley testified that his shoulder was the first part of his body to hit the ground, and he asserts that this fall caused a rotator cuff tear. *Id.*  He does not know whether there was anything else on the ground besides water or how long the water had been on the floor before he arrived. *Id.*

Wal-Mart moves for summary judgment on the basis that Bradley cannot prove the essential elements of his claim.

ORDER - 1

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper if the moving party establishes that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). Inferences drawn from the facts are viewed in favor of the non-moving party. *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630-31 (9th Cir. 1987).

Summary judgment is proper if a defendant shows that there is no evidence supporting an element essential to a plaintiff's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Failure of proof as to any essential element of plaintiff's claims means that no genuine issue of material fact can exist and summary judgment is mandated. *Celotex*, 477 U.S. 317, 322-23 (1986). The nonmoving party "must do more than show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**DISCUSSION**

*Applicable Law*

Bradley alleges one cause of action against Wal-Mart: negligence. In order to prove negligence, a plaintiff must show: (1) the existence of a duty to the complaining party, (2) breach of that duty, (3) resulting injury, and (4) that the breach was the proximate cause of the injury. *Reynolds v. Hicks*, 134 Wn.2d 491 (1998). Failure to prove any one of these essential elements will result in dismissal of the plaintiff's negligence claim.

A landowner owes a duty of care to its invitees, but is not an insurer of its invitees' safety. *Coleman v.Ernst Home Ctr., Inc.*, 70 Wn. App. 213, 222 (1993). Generally, a premises owner breaches its duty of care if an invitee is injured by an unsafe condition either caused by the proprietor or his employees, or the proprietor has actual or constructive notice of the unsafe condition. *Wiltse v. Albertson's*, 116 Wn.2d 452, 454 (1991).

ORDER - 2

In *Kangley v. United States*, 788 F.2d 533 (9th Cir. 1986), the Ninth Circuit set forth a test to prove negligence of a property owner when an invitee slips and falls on water. *Kangley*, 788 F.2d at 534. The Ninth Circuit set forth three essential elements: "To prove negligence, the plaintiff must prove [1] that water makes the floor dangerously slippery and [2] that the owner knew or should have known both that water would make the floor slippery and [3] that there was water on the floor at the time the plaintiff slipped." *Id.* (enumeration added). A wet floor does not establish the existence of a dangerous condition. *Id.* at 535. Moreover, a dangerous condition cannot be inferred from the fact that the plaintiff fell. *Knopp v. Kemp & Hebert*, 193 Wash. 160, 164-65 (1938). The Ninth Circuit in *Kangley* states that

> If we were to hold that a person who slips inside a door where a mat has been placed on a day when it is wet outside may recover for injuries sustained without showing anything more, we would place an intolerable burden on businesses in areas like Tacoma where it is often wet outside.

*Id.* at 535.

A plaintiff must also prove by expert testimony that a negligent act caused the plaintiff's alleged injury when the injury involves medical factors that are beyond an ordinary lay person's knowledge. *Riggins v. Bechtel Power Corp.*, 44 Wn. App. 244, 254 (1986).

### *Analysis and Conclusion*

Bradley contends that he slipped in water that accumulated from the shopping carts that Wal-Mart employees brought into the store, and he asserts that three witnesses will testify that the water came from the wet shopping carts.

Bradley argues that for summary judgment purposes he is not required to prove that the slippery floor caused his shoulder injury. Bradley also states that his treating physicians are fact witnesses.

Bradley's showing is insufficient to defeat Wal-Mart's summary judgment motion. Bradley has failed to show [1] that water makes the floor dangerously slippery and [2] that the owner knew

ORDER - 3

or should have known both that water would make the floor slippery and [3] that there was water on the floor at the time the plaintiff slipped. While Bradley submits three declarations in resisting Wal-Mart's motion, they are insufficient as one is unsigned, one is from a Wal-Mart employee who was not working at the time of the accident, and Bradley's own declaration contradicts his deposition testimony. In Bradley's deposition, he assumes that the water on the floor was from wet shopping carts and foot travel, but admits that he did not see such. (Bradley Dep. P. 41, ll. 2-14.) Lisa Peel's declaration does not show that Wal-Mart knew of the alleged dangerous condition prior to the incident, as Wal-Mart's time clock records demonstrate that Peel did not clock in to her shift until almost 20 minutes after the incident at 4:04 p.m. (Miller Decl. Ex. B), when, according to Bradley's written statement, the incident occurred at 3:45 p.m.(Miller Decl. Ex. A entitled "Customer Statement") Moreover, Peel did not witness the incident but was told about it by someone else. (Bradley Dep. P. 4613-17.) Bradley has failed to make the requisite showing on this motion for summary judgment other than to speculate.

Summary judgment must be granted for an additional reason. A plaintiff must present medical testimony to establish the causal link between the injury and the incident. *Riggins v. Bechtel Power Corp.*, 44 Wn. App. 244, 254 (1986). The purpose of a summary judgment motion is to test the sufficiency of the evidence behind a plaintiff's allegation in order to avoid an unnecessary trial. *Zobrist v. Culp*, 18 Wn. App. 622, 637 (1977), notwithstanding Bradley's argument that he does not have to meet this burden on a summary judgment motion. Bradley agrees with respect to treating physicians' testimony that the opinions must be based on factors that were learned in the course of treatment of the patient, and not on outside sources such as an independent medical examination report. Dr. Brandt Bede reviewed Bradley's medical records and conducted an independent medical examination of Bradley. Dr. Bede found no medical evidence to determine what precisely caused the rotator cuff tear, but he believes that the tear could not have been caused by the fall because of the mechanism of Bradley's fall. (Bede Dep. 20, 21, 32) Bradley testified that his shoulder was the first

ORDER - 4

1  part of his body that hit the ground (Bradley Dep. P. 42), and according to Dr. Bede, falling on the

2  shoulder is not a common mechanism for a rotator cuff injury. (Bede Dep. P. 20.) Plaintiff has

3  failed to produce any expert witness on the issue of causation.

4  Bradley has produced no competent evidence to support his claims. Wal-Mart's motion for

5  summary judgment must be granted.

6  NOW, THEREFORE, IT IS ORDERED: Wal-Mart Stores, Inc.'s Motion for Summary

7  Judgment [Dkt. # 12] is GRANTED, and Plaintiff's cause of action against Wal-Mart is

8  DISMISSED WITH PREJUDICE. The Clerk is directed to enter Judgment in favor of Wal-Mart

9  and against Plaintiff Bradley.

11  DATED this 13th day of March, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

26  ORDER - 5